UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 8:91-CR-294-T-17TGW

CHRISTOPHER P. VELTMANN.
_____/

ORDER

This cause is before the Court on:

Dkt. 401   Motion for A Certificate of Innocence
Dkt. 402   Motion for Summary Judgment

Defendant Christopher P. Veltmann, pro se , requests that the Court grant Defendant's Motion for a Certificate of Innocence.

Defendant Veltmann asserts that he is seeking relief under 28 U.S.C. Sec. 1495 and 28 U.S.C. Sec. 2513 in the amount of $245,760.06, and all other costs, fees, interest and other appropriate relief. Defendant Veltmann states that he was arrested on October 17, 1991, and released on September 13, 1996, when a jury found him innocent of all crimes listed on the indictment.

I. Background

Defendant Christopher P. Veltmann was tried in a jury trial before the Hon. Nicholas Tsoucalas, United States District Judge, and found guilty on Counts 1, 2-19, 20-29 on March 13, 1992. (Dkt. 79).

Defendants Carl Veltmann and Christopher Veltmann appealed their convictions and sentences. The Eleventh Circuit Court of Appeals affirmed in part

Case No. 8:01-CR-294-T-17TGW

and reversed in part; the case was remanded for a new trial on December 9, 1993. (Dkt. 138).

On appeal, the Veltmanns asserted that there was insufficient evidence to support findings of guilt, alleging error in the trial court's denial of their timely motions for acquittal. As to this issue, the Eleventh Circuit stated:

> We must, of course, view the evidence in a light most favorable to the government...We cannot agree with defendants. The evidence admitted regarding the smoke detector and alarm systems, statements made to cellmates, defendants' inconsistent statements about their actions that evening, Carl's commentary about how to commit arson, and the previous fires on Veltmann property precludes a finding based on the evidence before them a jury could not have found Carl and Chris Veltmann guilty beyond a reasonable doubt.

U.S. v. Veltmann, 6 F.3d 1483, 1491 (11th Cir. 1993).

The Veltmanns appealed the exclusion of Carl Engstrom's videotaped deposition from the trial. Defendants offered the deposition as relevant hearsay, admissible pursuant to Fed. R. Ev. 803(3), reflecting Elizabeth Veltmann's state of mind. The Eleventh Circuit found that the deposition was admissible under the state of mind exception, and while conceivably cumulative, its import was such that exclusion violated Defendants' right to put on a defense, requiring reversal. Veltmann, 6 F.3d at 1493.. The Eleventh Circuit explained that the evidence was relevant because it contained not merely references to suicide, but information pertinent to [Elizabeth Veltmann]'s desperate mental condition regarding finances on the date of her death. Veltmann, 6 F.3d at 1495. The Eleventh Circuit further

2

Case No. 8:01-CR-294-T-17TGW

determined that the evidence was not cumulative; no other witness brought to the jury that aspect of decedent's financial desperation arising from the end of a successful, long-term blackmail. Veltmann, 6 F.3d at 1495.

The Eleventh Circuit analyzed the prior fires evidence, which was admitted over Defendants' objections; the Eleventh Circuit affirmed in part and reversed in part as to the prior fires evidence. The Eleventh Circuit found that Defendants' statements to the insurance investigator as to any previous fires on property owned by the Veltmanns' were not in furtherance of the charged offense, Veltmann at 1498, and did not meet the threshold level of relevance for admissibility under Rule 404(b). The Eleventh Circuit further noted that this evidence clearly presented a high risk of unfair prejudice.

As to Carl Veltmann's civil deposition, which was admitted as an admission for use against Carl Veltmann under Rule 801(d)(2), the Eleventh Circuit found that the trial court correctly held that the deposition contained admissions which were admissible under rule 801(d)(2)(A), but did not conduct the required Rule 403 analysis. The Eleventh Circuit concluded that Carl Veltmann's deposition answers were prejudicial, but not unfairly prejudicial.

On appeal, Carl Veltmann asserted that his Sixth Amendment right to Confrontation was violated when David Meehan, Christopher Veltmann's cellmate, was permitted to testify about statements that Christopher Veltmann made to him that directly inculpated Carl Veltmann. Christopher Veltmann did not testify; Carl Veltmann did not have the opportunity to cross-examine Christopher Veltmann as to David Meehan's allegations.

David Meehan testified that Christopher Veltmann stated that his father started the fire in the foyer with paper and lighter fluid, took the tops

Case No. 8:01-CR-294-T-17TGW

off all the batteries, and left the home after seeing the wallpaper catch fire. David Meehan also testified that Christopher Veltmann told him that Carl Veltmann flew to Montana, in contradiction to all other evidence about Carl Veltmann's trip. Veltmann at 1501.

On appeal, the Government conceded that a Bruton violation occurred, but contended that the cumulative admissible evidence of guilt was so overwhelming, and the comments of Christopher Veltmann so insignificant by comparison, that the admission of the Meehan testimony was harmless error.

The Eleventh Circuit Court of Appeals stated:

> We find the government's argument that the error was harmless without merit. The entire case against Carl was circumstantial. Stripped of the erroneously admitted previous fire evidence, the government's case rests on disputed evidence about the condition of the smoke detectors and alarm, estimates of burn time relative to Carl's departure from the house, testimony of an "alibi" witness that he was not anticipating a visit from Carl, allegations of Carl's cellmate about Carl's admissions that were at least partially without factual accuracy, Carl's suggestion that an acquaintance could burn down his own property, investigators' skepticism about Carl's emotional reactions, and the happenstance of a previous fire of unknown origin at the cottage owned by the Veltmanns.
>
> ...
>
> In this case, the properly admitted evidence of guilty is less than overwhelming and the prejudicial effect of the codefendant's statements is so significant in comparison, that it is clear that admission constituted harmful error. David Meehan's testimony of Chris' statements about Carl, given Chris' decision not to testify, deprived Carl

4

Case No. 8:91-CR-294-T-17TGW

> of [his] Sixth Amendment right to confront witnesses
> against him, and constituted prejudicial error
> necessitating reversal and remand for a new trial.

Veltmann at 1501.

The case was reset for trial before the Hon. Lee P. Gagliardi, United States District Judge, on October 31, 1994. (Dkt. 178). After pretrial rulings, Defendants Carl Veltmann and Christopher Veltmann pursued an Interlocutory Appeal. (Dkt. 198). The appeal was dismissed. (Dkt. 202).

After disposition of additional pretrial motions, a jury trial was commenced before the undersigned on August 7, 1995. The jury was excused on August 9, 1995. The Government announced that it would file notice of interlocutory appeal on the testimony of David Meehan. (Dkt. 249). A Notice of Interlocutory Appeal was filed by Defendant Veltmann on August 23, 1995. (Dkt. 262). A Notice of Interlocutory Appeal was filed by the Government on September 1, 1995. (Dkt. 273). Defendant Veltmann dismissed his interlocutory appeal on October 13, 1995. (Dkt. 288). The Eleventh Circuit affirmed this Court's ruling on July 11, 1996. (Dkt. 305).

This case was set for trial before the Hon. H. D. Cook, United States District Judge, on August 26, 1996. The jury found Defendant Christopher P. Veltmann not guilty on Counts 1, 2-19, 20-29, on September 12, 1996. (Dkt. 341). Judge Cook directed that Defendant Christopher Veltmann be released from custody. (Dkt. 342).

Defendant Christopher P. Veltmann requested a certificate of innocence from Judge Cook on July 7, 1997. (Dkt. 358). On August 28, 1997, Defendant Christopher P. Veltmann requested expedited ruling. (Dkt. 365). Judge Cook struck the motions and directed the Clerk of Court to return the motions to Defendant

5

Case No. 8:91-CR-294-T-17TGW

Veltmann. (Dkt. 366). Defendant Christopher P. Veltmann appealed the Order. (Dkt. 368). On April 21, 1998, Defendant Christopher Veltmann again requested a certificate of innocence from Judge Cook and reconsideration of the Order striking the motions. (Dkts. 376, 377). Judge Cook denied the Motion. (Dkt. 378). The Eleventh Circuit Court of Appeals acknowledged receipt of the Order on June 5, 1998. The Eleventh Circuit Court of Appeals affirmed the Order of Judge Cook on September 22, 1999. Dkt. (398).

The Court notes that Defendant Christopher P. Veltmann previously sought relief under 28 U.S.C. Sec. 2513 in the United States Court of Federal Claims. See Carl J. Veltmann v. United States of America, 39 Fed. Cl. 426 (1997)(noting companion case, Christopher Veltmann v. United States, No. 97-58 (Fed. Cl. filed January 29, 1997)).

The Court of Federal Claims dismissed Christopher P. Veltmann's complaint for failure of proof on February 7, 1998. On August 7, 1998, the United States Court of Appeals for the Federal Circuit affirmed the order of the United States Court of Federal Claims, on the basis that the Court applied 28 U.S.C. Secs. 1495 and 2513 correctly, and Christopher P. Veltmann failed to submit the required certificate. The Court noted "Neither an affidavit of innocence nor a verdict of not guilty satisfy the requirements of...subsection [2513(b)]". See Christopher P. Veltmann v. United States, 168 F.3d 1319 (Fed. Cir. 1998).

II. Discussion

28 U.S.C. Sec. 2513 provides:

Case No. 8:91-CR-294-T-17TGW

> (a) Any person suing under section 1495 of this title must allege and prove that:
>
> (1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and
>
> (2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

The Court notes that Defendant Christopher P. Veltmann was convicted, but his conviction was reversed on appeal due to errors in evidentiary rulings that prejudiced Defendant. The Eleventh Circuit Court of Appeals remanded the case for a new trial. At the trial before Judge Cook, the jury found Defendant Christopher P. Veltmann not guilty on all counts. When Defendant Christopher P. Veltmann requested a certificate of innocence from Judge Cook, Judge Cook denied Defendant Veltmann's request. The denial of Defendant Christopher P. Veltmann was affirmed by the Eleventh Circuit Court of Appeals.

Defendant Christopher P. Veltmann has met the first requirement for a certificate of innocence. However, Defendant Christopher Veltmann has not met the second requirement of Sec. 2513, that Defendant Christopher P. Veltmann did not commit any of the acts charged. The jury verdict of "not guilty"

7

Case No. 8:91-CR-294-T-17TGW

alone is not sufficient to establish Defendant Christopher Veltmann's innocence. Although the undersigned is the presiding judicial officer for this case, Judge Cook presided over Defendant Christopher P. Veltmann's trial, and denied Defendant Christopher P. Veltmann's request for a certificate of innocence.

After consideration of the record in this case, Defendant Christopher P. Veltmann's Motion for a Certificate of Innocence (Dkt. 401) is denied. Accordingly, it is

**ORDERED** that pro se Defendant Christopher P. Veltmann's Motion for a Certificate of Innocence (Dkt. 420) is **denied**, and Defendant Christopher P. Veltmann's Motion for Summary Judgment (Dkt. 402) is **denied as moot**.

**DONE and ORDERED** in Chambers in Tampa, Florida on this 12th day of July, 2018.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
AUSA Joe Ruddy

Pro Se Defendant:
Christopher P. Veltmann
208 Dayspring Lane
Gaston, S.C. 29053

8